IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01815-LTB-MJW

CHICAGO INSURANCE COMPANY,
*an Illinois corporation,*

Plaintiff(s),

v.

JAN (I) B. HAMILTON,
*Ph.D., and*
JAN B. HAMILTON,
*d/b/a*
NUTRITIONAL BIOMEDICINE,

Defendant(s).

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the pro se defendant's Motion and Affidavit for Leave to Proceed on request for Disclosure from Chicago Insurance Company Due to Family Emergency **(Docket No. 71)** is **denied without prejudice**. It appears that through this motion defendant Hamilton is seeking discovery from the plaintiff. Defendant Hamilton shall do so in accordance with the applicable Federal Rules of Civil Procedure rather than through a motion. It is further

**ORDERED** that the pro se defendant's Motion and Affidavit for Continuance Until [defendant] (or Ed Butler) finds an attorney **(Docket No. 72)** is **denied**. In this court's Order Regarding Motion Requesting Court Appointed Attorney issued on November 25, 2009 (Docket No. 52), this court specifically advised the defendant as follows:

> The court, however, advises the defendant that the granting of her request for appointed counsel does not necessarily mean that an attorney will appear on her behalf in this case. The court will not force or require an attorney to represent the defendant. Rather, this Order merely gives the attorneys on the *pro bono* panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the defendant. Since this Order does not guarantee

2

> that a *pro bono* attorney will ultimately appear for the defendant, the court further advises the defendant that ***unless and until an attorney agrees to represent her and enters an appearance on her behalf, she remains personally responsible to comply with the court's Orders and deadlines and to take all other actions necessary to continue to pursue this case***.  <u>Moreover, because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.</u>

(Docket No. 52) (emphasis in bold in original; emphasis in underscore added).  It is further

**ORDERED** that the pro se defendant's Motion and Affidavit for Leave to Proceed on Protection Order & Request to seek Dismissal of Aspen Housing Authority "Notice to Quit" & Eviction from Public Housing **(Docket No. 73)** is **denied**.  This court does not have jurisdiction over the Aspen Pitkin County Housing Authority, which is not a party to this action.  Furthermore, there is no claim in this case concerning the defendant's eviction.  Rather, this action is a declaratory judgment action seeking a court order that plaintiff does not owe any coverage to defendant relative to the Colorado State Medical Board proceedings.

<u>Date: January 22, 2010</u>