IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

Civil Action No. 09-cv-01815-LTB-MJW

Chicago Insurance Company,
an Illinois corporation,

v.

JAN (I) B. HAMILTON, et al.,

Defendants.

---

MINUTE ORDER

---

It is hereby ORDERED that the Pro Se Defendant Ham B. Hamilton's Motion to Compel Plaintiff Chicago Insurance Company's Response to Interrogatories and Requests for Production of Documents (docket no. 117) is **DENIED** for the following reasons:

The Pro Se Defendant Hamilton does not appear to have even served the Plaintiff Chicago Insurance Company with her discovery requests in the forms of interrogatories and requests for production of documents. Nowhere in the subject motion (docket no. 117), does it even suggest that the Plaintiff Chicago Insurance Company has had an opportunity to respond to such discovery requests and therefore the subject motion (docket no. 117) is premature. Moreover, the Pro Se Plaintiff has not complied with D.C.COLO.LCivR. 7.1 A before filing the subject motion (docket no. 117).

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979.***

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998)*** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant. ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

Date: May 19, 2010