THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01815-LTB-MJW

CHICAGO INSURANCE COMPANY,
*an Illinois corporation,*

Plaintiff,

v.

JAN (I) B. HAMILTON, *Ph.D., and*
JAN B. HAMILTON, *d/b/a* NUTRITIONAL BIOMEDICINE,

Defendants.

---

**RECOMMENDATION REGARDING**

**PLAINTIFF CHICAGO INSURANCE COMPANY'S ("CIC") MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS JAN B. HAMILTON AND JAN B.
HAMILTON D/B/A NUTRITIONAL BIOMEDICINE (COLLECTIVELY "DEFENDANTS")
(DOCKET NOS. 84 AND 85)**

**AND**

**ORDER REGARDING**

**(1) PLAINTIFF CHICAGO INSURANCE COMPANY'S MOTION TO COMPEL
DEFENDANTS JAN B. HAMILTON AND JAN B. HAMILTON D/B/A NUTRITIONAL
BIOMEDICINE TO RESPOND TO INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS AND SEEKING AN ORDER DECLARING THAT
CIC'S REQUESTS FOR ADMISSIONS ARE DEEMED ADMITTED
(DOCKET NO. 102);**

**(2) DEFENDANT,  JAN B. HAMILTON PH.D., PRESIDENT AND CEO, NUTRITIONAL
BIOMEDICINE, MOTION TO COMPELL [sic] CHICAGO INSURANCE COMPANY TO
ACCEPT PARTIAL DISCOVERY SO THAT ALL STOLEN DOCUMENTS CAN BE
REPLACED AND FILED (DOCKET NO. 127);**

**AND**

**(3) DEFENDANT, JAN B. HAMILTON, PH.D., PRESIDENT AND CEO,
NUTRITIONALBIOMEDICINE, MOTION TO COMPEL CHICAGO INSURANCE
COMPANY TO ACCEPTANCE OF DISCOVERY AND DENY DEFAULT JUDGMENT
IN THIS CASE [SIC] (DOCKET NO. 128)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter came on for hearing on May 24, 2010, on: (1) Plaintiff Chicago Insurance Company's ("CIC") Motion for Entry of Default Judgment Against Defendants Jan B. Hamilton and Jan B. Hamilton d/b/a Nutritional Biomedicine (collectively "Defendants") (docket nos. 84 and 85) and (2) Plaintiff Chicago Insurance Company's Motion to Compel Defendants Jan B. Hamilton, Ph.D and Jan B. Hamilton, d/b/a Nutritional Biomedicine to Respond to Interrogatories and Request for Production of Documents and Seeking an Order Declaring that CIC's Requests for Admissions are Deemed Admitted (docket no. 102). On Sunday, May 23, 2010, which was the day before oral argument was set to be heard on those two motions, defendants filed two additional motions, namely: Defendant, Jan B. Hamilton, Ph.D., President and CEO, Nutritional Biomedicine, Motion to Compell [sic] Chicago Insurance Company to Accept Partial Discovery so that All Stolen Documents can be Replaced and Filed (docket no. 127) and Defendant, Jan B. Hamilton, Ph.D., President and CEO, NutritionalBiomedicine, Motion to Compel Plaintiff Chicago Insurance Company to Acceptance of Discovery and Deny Default Judgment in this Case (docket no. 128).

The court heard oral argument from Plaintiff on its two motions (docket nos. 84, 85, and 102). Defendant Hamilton's oral argument, which lasted more than one-half hour, did not address the motions being heard but instead addressed matters and issues completely irrelevant to the motions being heard and, in fact, to the very straight-forward declaratory judgment case at hand.

The court has reviewed the four Motions and attachments, Defendants' Response (docket no. 95), and Plaintiff's Reply (docket no. 108). In addition, the court has taken judicial notice of the court's file and has considered the applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral arguments presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, recommendation, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That this court has jurisdiction over the subject matter  pursuant to 28 U.S.C. §1332(a) and over the parties to this lawsuit.

3.      That venue is proper in the state and District of Colorado.

4.      That each party has been given a fair and adequate opportunity to be heard on the subject motions.

5.      That Defendants are not an infant or incompetent, officer or agent of the State of Colorado, or in the military service.

6.      That Plaintiff served a Summons and Complaint upon Defendants on August 7, 2009.

7.      That on August 18, 2009, Defendant Hamilton filed a letter with the court requesting an extension to answer the Complaint because she claimed that she needed to retain an attorney.  (docket no. 6).  The court treated the letter as a Motion for Extension of Time to File An Answer or Otherwise Respond.  (docket no. 8). Defendants' Motion was granted, and the court extended the answer deadline to October 5, 2009.  (Id.).  A copy of the order granting the Motion was mailed by the court on August 20, 2009, to Defendants.  (Id.).

8.      That Defendants failed to answer or otherwise respond to Plaintiff's Complaint by the court-ordered October 5, 2009 deadline.

9.      That the court held a status conference with the parties on October 6, 2009.  During the conference, the court advised Defendant Hamilton as follows:

> That at the status conference held on October 6, 2009, this court advised Ms. Hamilton in open court that she needed to comply with the Local Rules of Practice in the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  In fact, this court instructed Ms. Hamilton following this hearing to get a copy of the Local Rules from our clerk's office and also provided her directions to our law library in the Rogers U.S. District Courthouse where she could use copies of the Federal Rules of Evidence and the

Federal Rules of Civil Procedure.

(docket no. 37 at p.2).

10.    That by Minute Order dated October 16, 2009, the court again explained

to Defendant Hamilton that despite her *pro se* status, she must follow the applicable

rules of the court:

> A pro se litigant such as Ms. Hamilton is required to follow the same rules
> of procedure and orders of the court that govern other litigants.  Oklahoma
> Federated Gold and Numismatics v. Blodgett, 24 F.3d 136, 139 (10th Cir.
> 1994)(internal citation omitted).  Pro se litigants must "comply with the
> fundamental requirements of the Federal Rules of Civil and Appellate
> Procedure."  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.
> 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979.

> The fact that a party is appearing pro se does not relieve that individual
> from the obligation of complying with all applicable rules of the court.
> Colorado v. Carter, 678 F.Supp. 1484, 1490 (D. Colo. 1986); Hall v.
> Doering, 996 F.Supp. 1464, 1468 (D. Kan. 1998) (pro se plaintiffs
> [defendants] are held to the same rules of procedure which apply to other
> litigants).

(Id.)(emphasis in original).  A copy of the Minute Order was sent by the court via

certified mail to Defendants.  (docket no. 38).

11.    That the court once again advised Defendants by the court's November

25, 2009, Order regarding Defendants' Motion Requesting a Court Appointed Attorney

that Defendants must comply with court orders and deadlines as follows:

> [U]nless and until an attorney agrees to represent her and enters an
> appearance on her behalf, she remains personally responsible to comply
> with the court's Orders and deadlines and to take all other actions
> necessary to continue to pursue this case.  Moreover, because of the
> possibility that no attorney might volunteer, the court will not consider the
> fact that *pro bono* counsel has yet to appear to be good cause to extend
> any deadlines or continue any scheduled matters.

(docket no. 52) (emphasis in original).

12.    That the court issued yet another such reminder in a Minute Order entered

on May 19, 2010 (docket no. 119).

13.    That the Rule 16 Scheduling Conference was held on December 11, 2009.

During the Conference, the court told Defendant Hamilton that she had not yet filed an

Answer to Plaintiff's Complaint.  The court also set a December 21, 2009, deadline for the parties to serve Rule 26(a)(1) Disclosures and a March 3, 2010, status conference to be attended by both parties.

14.     That the court's Rule 16 Minute Order and Scheduling Order once again informed Defendants of the court-ordered December 21, 2009, deadline to serve Rule 26(a)(1) Disclosures and the March 3, 2010, telephone status conference.  (docket nos. 66 and 67).

15.     That Defendants failed to serve Rule 26(a)(1) Disclosures by the court-ordered December 21, 2009, deadline.  To date, Defendants have failed to serve any Rule 26(a)(1) Disclosures in this action.

16.     That Defendant Hamilton also failed to appear at the court's status conference on March 3, 2010.

17.     That during the March 3, 2010, conference, the court granted Plaintiff leave to file a motion concerning Defendants' failure to serve Rule 26(a)(1) disclosures. Plaintiff also advised the court that it intended to bring a motion for default judgment. The court's Courtroom Minutes/Minute Order, which was e-mailed to the parties and also mailed to Defendants on March 3, 2010, informed Defendants that "Plaintiff anticipates filing a motion for entry of default."  (docket no. 82).

18.     That Defendants' court filings on March 1, 2010 (docket no. 81), and on April 20, 2010 (docket no. 97), do not constitute an Answer to Plaintiff's Complaint because they do not comply with the requirements of Rule 8(b) of the Federal Rules of Civil Procedure which reads, in part, as follows:

   **(b)     Defenses; Admissions and Denials.**

      (1)     *In General*.  In responding to a pleading, a party must:

            (A) state in short and plain terms its defenses to each claim asserted against it; and

            (B) admit or deny the allegations asserted against it by an

opposing party.

> (2) ***Denials – Responding to the Substance.*** A denial must fairly respond to the substance of the allegation.
>
> . . .
>
> (6) ***Effect of Failing to Deny.*** An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b). Neither filing admits or denies the allegations asserted against Defendants in Plaintiff's Complaint as required by Fed. R. Civ. P. 8(b). Accordingly, all allegations in Plaintiff's Complaint are therefore deemed admitted pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure.

19.     That an entry of default judgment against Defendants is appropriate under Rule 55(b)(2) of the Federal Rules of Civil Procedure because Defendants have failed to answer or otherwise respond to Plaintiff's Complaint. Because Defendants are in default, all factual allegations in Plaintiff's Complaint are deemed admitted. <u>Burlington Northern R.R. Co. v. Huddleston</u>, 94 F.3d 1413, 1415 (10th Cir. 1993).

20.     That an entry of default judgment against Defendants is also appropriate under Rules 37(b) and 16(f) of the Federal Rules of Civil Procedure because Defendants have repeatedly and willfully disregarded court orders, the Federal Rules of Civil Procedure, and Local Rules of this case. In addition, Defendants have failed to establish good cause for their failure to serve any responses to Plaintiff's Interrogatories and Requests for Production of documents timely, and Defendants have not responded at all to the Requests for Admissions served upon Defendants on March 25, 2010.

21.     That Fed. R. Civ. P. 16(f) gives this court discretion to issue any just orders if a party fails to appear at a court conference or fails to obey a scheduling or other pretrial order as follows:

**(f) Sanctions.**

(1)    ***In General.*** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A)    fails to appear at a scheduling or other pretrial conference;

(B)    is substantially unprepared to participate – or does not participate in good faith – in the conference; or

(C)    fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).

22.    That Fed. R. Civ. P. 37(b)(2)(A)(vii) also gives this court discretion to render a default judgment when a party fails to obey discovery orders as follows:

b)    **Failure to Comply with a Court Order.**

. . .

(2)    **Sanctions in the District Where the Action is Pending.**

(A)    *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

. . .

(vi)    rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(vii).

23.    That the Tenth Circuit interpreted Rule 16(f)'s and Rule 37(b)(2)(A)(vi)'s authorization for imposition of default judgment in M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir.1987). In M.E.N. Co., the court explained that:

[b]ecause a default judgment is a harsh sanction, due process requires that [a party's] "failure" [to comply with scheduling or other court orders] is a sufficient ground only when it is the result of "wilfullness, bad faith, or [some] fault of [that party]" rather than inability to comply. . . . We have defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."

Id. at 872-73.  Defendants willfully and without justification failed to serve an Answer or otherwise respond to Plaintiff's Complaint by the court's October 5, 2009, deadline, failed to appear at the March 3, 2010 status conference, and failed to serve Rule 26(a)(1) Disclosures by the Court's December 21, 2009 deadline.  These failures constitute "intentional failure[s]" rather than "involuntary noncompliance" with the court's orders. See id.  Defendant Hamilton had ample notice from this court that she must comply with the court's orders and the Federal Rules of Civil Procedure.  She also received notice of the Orders setting the deadlines well in advance of the deadlines.  As explained below, Defendant Hamilton has offered no plausible explanation for her repeated failure to comply with the court's orders, and there is no evidence that these failures were caused by circumstances beyond her control.  Indeed, Defendant Hamilton has been able to file numerous documents in this case and other cases, including documents which were filed on March 3, 2010 (the same date as the status conference).

24.     That Fed. R. Civ. P. 37(d)(3) also gives this court discretion to sanction Defendants for failing to respond to discovery requests without substantial justification, including the sanction of default judgment.  Defendants' failure to serve answers to Plaintiff's Requests for Admissions without substantial justification and Defendants' failure to timely respond to Plaintiff's Interrogatories and Request for Production of Documents until the eve before this hearing on May 23, 2010 (Sunday), further supports the court's determination that an entry of default judgment against Defendants is appropriate.  See docket nos. 127 and 128.

25.     That Defendant Hamilton's purported reasons as to why she has failed to comply with court orders and the Federal Rules do not constitute good cause.  In Defendants' Response, she appears to argue three reasons as to why Plaintiff's Motion should not be granted.  She first argues that she does not have an attorney.  However,

this court has told her repeatedly that lack of attorney representation does not constitute good cause for extending any deadlines or lack of compliance with court orders. This court has also told Defendant Hamilton on numerous occasions that her *pro se* status does not somehow eliminate the requirement that Defendants follow the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of Practice. The United States Court of Appeals for the Tenth Circuit has "repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" <u>Nielsen v. Price</u>, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992); <u>Casper v. Commissioner</u>, 805 F.2d 902, 906 n.3 (10th Cir. 1986); <u>Bradenburg v. Beaman</u>, 632 F.2d 120, 122 (10th Cir. 1980)). Defendants' second argument appears to be based on Defendant Hamilton's allegation that medical records were stolen from her home. Without regard to the veracity of this argument, medical records have nothing to do with this insurance coverage case and play no role in the ability of Defendants to timely answer a Complaint, appear at a status conference, or serve Rule 26(a)(1) Disclosures. Defendants' third argument appears to be based on Defendant Hamilton's unsubstantiated argument that "files" were stolen from her home. Not only is this argument unsubstantiated, but it is also flatly contradicted by the fact that she has been able to file successfully countless documents with this court and other courts. Her argument does nothing to explain why she did not appear at the status conference. Defendant Hamilton also makes no attempt to explain how these missing "files" precluded her from complying with the court's orders.

26. That taking all factual allegations in Plaintiff's Complaint as true, there is no coverage available to Defendants under the professional liability policies issued by Plaintiff to Defendants Jan B. Hamilton and Jan B. Hamilton d/b/a Nutritional Biomedicine ("Policies") relative to the proceedings brought against Defendants Jan Hamilton and Jan B. Hamilton d/b/a Nutritional Biomedicine <u>by the Colorado State</u>

Board of Medical Examiners.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1.      That Plaintiff Chicago Insurance Company's Motion for Entry of Default Judgment Against Defendants (docket nos. 84) be **GRANTED**;

2.      That a clerk's default enter;

2.      That default judgment also be entered in favor of the Plaintiff Chicago Insurance Company and against Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton d/b/a Nutritional Biomedicine jointly and severally; and

3.      That the following court declarations be ordered against Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine relative to the proceedings brought against Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine by the Colorado State Board of Medical Examiners:

    i.      There is no insurance coverage available under the Policies relative to the proceedings brought against Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine by the Colorado State Board of Medical Examiners;

    ii.      The Policies do not provide coverage for any loss of income or earnings incurred by Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine.

    iii.      There is no coverage under the Policies for any attorneys' fees or expenses may have incurred in seeking to set aside a court-issued injunction.

    iv.      There is no coverage under the Policies for any attorneys' fees or expenses Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a

Nutritional Biomedicine may have incurred relative to proceedings filed with the Colorado State Board of Medical Examiners.

   v.  There is no coverage under the Policies for any attorneys' fees or expenses Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine may have incurred because she violated the notice and voluntary payments provisions of the Policies.

   vi.  Any fees or expenses incurred by Defendants Jan B. Hamilton, Ph.D., and Jan B. Hamilton, d/b/a Nutritional Biomedicine were incurred without Plaintiff's consent and are precluded from coverage under the Policies.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

### ORDER

   **WHEREFOR**E, based upon these findings of fact and conclusions of law, this court

**ORDERS**:

   1.  That Plaintiff Chicago Insurance Company's Motion to Compel Defendants

Jan B. Hamilton, PhD and Jan B. Hamilton, d/b/a Nutritional Biomedicine to Respond to Interrogatories and Request for Production of Documents and Seeking an Order Declaring that CIC's Requests for Admissions are Deemed Admitted (docket no. 102) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** as to the Request for Admissions, and they are deemed admitted. The remainder of the subject motion is **DENIED**;

2. That Defendant, Jan B. Hamilton, Ph.D., President and CEO, Nutritional Biomedicine, Motion to Compell [sic] Chicago Insurance Company to Accept Partial Discovery so that All Stolen Documents can be Replaced and Filed (docket no. 127) is **MOOT** and therefore **DENIED**, noting that the court has recommended above that a clerk's default and default judgment be entered;

3. That Defendant, Jan B. Hamilton, Ph.D., President and CEO, NutritionalBiomedicine, Motion to Compel Plaintiff Chicago Insurance Company to Acceptance of Discovery and Deny Default Judgment in this Case [sic] (docket no. 128) is **MOOT** and therefore **DENIED**, noting that the court has recommended above that a clerk's clerk and default judgment be entered.

Done this 26th day of May, 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE