IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01815-LTB-MJW

CHICAGO INSURANCE COMPANY, an Illinois corporation,

    Plaintiff,

v.

JAN B. HAMILTON, Ph.D. and
JAN B. HAMILTON d/b/a NUTRITIONAL BIOMEDICINE,

    Defendants.

___

# ORDER
___

On May 26, 2010 the magistrate judge issued and served his recommendation that plaintiff's motion for entry of default judgment against Defendants Jan B. Hamilton Ph.D. and Jan B. Hamilton d/b/a Nutritional Biomedicine (Defendants) (Doc 84) be granted, that defendants' default be entered, and judgment be entered in favor of Plaintiff against defendants for the declaratory relief sought in plaintiff's complaint against defendants.  The recommendation clearly advised the parties of their right to file specific written objections to the recommendation within fourteen days after service pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(2), failing which, pursuant to the Tenth Circuit's firm waiver rule, a party failing to so timely object is barred from *de novo* review of the recommendation.  Defendants failed to file any objections to the recommendation and accordingly on June 18, 2010 I entered my Order accepting the recommendation for entry of default against defendants and entry of judgment in favor

of plaintiff against defendants as more specifically set forth in the Order, (Doc 152).

Before me now are defendants' motions (Doc Nos. 154 and 158) (the motions) seeking to vacate the Order for Default Judgment. Defendants appear *pro se.* Although I construe *pro se* pleadings liberally, it is not my function to do so in a way that advocates for the *pro se* defendants or in construing what appear to be continued prolix pleadings in a way that manufactures compliant procedural and legal basis for the relief sought in the motions. Bearing this in mind, however, I construe the defendants' motions (Doc Nos. 154 and 158) as seeking post-judgment relief pursuant to Fed.R.Civ.P. 55, 59 and 60(b).

Plaintiff has filed its response to the motions. Liberally construed, defendants have filed what appears to be a reply to the plaintiff's response. I have, therefore, reviewed the motions in light of the plaintiff's response and defendants' reply, together with the record in this case.

First, defendants remain barred from *de novo* review of the magistrate judge's recommendation. Even so, I have reviewed the recommendation in the context of Rules 55, 59 and 60(b) of the Federal Rules of Civil Procedure. The magistrate judge's recommendation is thorough, comprehensive and firmly supported by the record in the case.

Fed.R.Civ.P. 55(c) provides that the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Because defendants have wholly failed to show "good cause" for setting aside entry of default, I turn to Rule 60(b). That Rule provides that "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment,

2

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.  Although difficult to discern I glean from defendants' papers reliance on sub-parts (1) (inadvertence or excusable neglect) sub-part (2) (fraud, misrepresentation or other misconduct of the plaintiff and (5) any other reason justifying relief from the operation of the judgment.  The burden here is on the plaintiff to show exceptional circumstances such that action is necessary to accomplish justice.  *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (Dist. Colo. 1993).  It is a heightened burden because such a motion is not a substitute for an appeal.  *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).  And, a movant seeking relief under Fed.R.Civ.P. 60(b)(3) must establish the relevant conduct by clear and convincing evidence. *Cummings v. General Motors Corp.*, *supra*; *Graves ex rel. Graves v. Stone* 191 Fed. Supp. 2d 1194, 1195 (D. Colo. 2002).

I find and conclude that defendants have failed to show colorable much less extraordinary circumstances wanting the setting aside of the default judgment.  Nor do they show cause, much less good cause for setting aside the entry of default.

Although no trial was conducted in this case, because the motions at issue were filed within ten days from the date of the June 18, 2010 Order, liberally construed, they could fall within Fed.R.Civ.P. 59(e).  As with the application of Rule 60(b), I conclude

3

that defendants have wholly failed to present any intervening change in controlling law, new evidence previously unavailable and the need to correct clear error or prevent manifest injustice.  Nor has this Court misapprehended the facts, a party's position or the controlling law.  *Servants of the Paraclete v. Does*, 204 F. 3rd 1005, 1012 (10th Cir. 2000).  And here, it is significant that it is inappropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.  Id.  This is significant because defendants' prolix pleadings are, in essence, a rehash of meritless arguments previously made or advanced.

Accordingly,

IT IS ORDERED that defendants' motions (Doc Nos. 154 and 158) are DENIED.

IT IS FURTHER ORDERED that all motions previously filed and not ruled upon are DENIED AS MOOT.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   July 30, 2010

4